## Ex parte Thomas Powell.

An executor is not a public officer within the meaning of the 14th sect. of the stat. of 10 February, 1841. The office of executor is a private trust. C. C. 2687, 2788. Since the stat. of 28 March, 1840, abolishing imprisonment for debt a *ca. sa.* cannot be taken out on the return of a *fi. fa.* unsatisfied, against one who has converted to his own use money received by him as executor.

APPEAL from the District Court of the First District, *Buchanan*, J.

*Hoffman*, for the defendant.

*J. C. Clark*, contra.

BULLARD, J. The return by the sheriff of the Criminal Court to the writ of *habeas corpus* sued out by the appellee, Thomas Powell, shows, that he was imprisoned in virtue of a writ of *capias ad satisfaciendum*, issued by the Court of Probates, to enforce the payment of a judgment rendered against him at the suit of Fink, dative executor of Barnes. The prisoner was ordered to be released from confinement, and the judgment creditor has appealed.

It appears that the judgment sought to be enforced by this writ, was rendered against Powell, as the dative executor of Sarah Barnes, deceased, in pursuance of the provisions of the act of 1837, relative to the settlement of successions. See B. & C.'s Digest, pp. 2, 3.

The issuing of the writ of *capias ad satisfaciendum*, since the passage of the act of 1840, which declares that that writ is abolished, is attempted to be justified by applying to executors the severe penalties provided by law for the case of public officers, who having received money in their official capacity, convert it to their own use, or do not account for it, according to the 14th section of the act of 1841, entitled "An act to create two additional sheriffs for the parish of Orleans ;" &c. See B. & C.'s Digest, pp. 783, 787.

An executor is not, in our opinion, a public officer, within the meaning of this act of 1841. He is not required to take an oath to support the constitution of the United States, because he may be an alien. He holds no commission from the appointing power, and is not removeable by address, nor liable to impeachment. He collects money, not to be paid over as soon as received, but to be administered by him, and employed in paying the debts of the estate; and he is bound to pay over the balance only upon a settlement of his accounts. The office of executor is a private trust, and not a public office. Civil Code, arts. 2787, 2788. The rules applicable to sheriffs, and other collecting officers, cannot, by any just analogy, be extended to testamentary executors.

*Judgment affirmed.*