## SUCCESSION OF KELLY.

A curator of a vacant succession is not a public officer, within the meaning of sec. 14 of the stat. of 10 Feb. 1841 ; and since the stat. of 28 March, 1840, abolishing imprisonment for debt, a *ca. sa.* cannot be taken out, after the return of a *fi. fa.* unsatisfied, against one who has converted to his own use money received by him as curator of a vacant succession.

APPEAL from the Second District Court of New Orleans, *Canon*, J. *R. M. Carter*, for the appellant, contended that the curator of a vacant succession is not a *public officer*, within the meaning of the stat. of 10 Feb. 1841, s. 14, citing *Ex parte Powell*, 8 Rob. 95.

*J. F. Pepin*, contrâ.

The judgment of the court was pronounced by

KING, J. The defendant, *Ferral*, was appointed the curator of the vacant succession of *Kelly*, and, upon the rendition of his final account, exhibited a balance in his hands after the payment of the debts. A rule was taken on the defendant, by the attorneys representing the State, to show cause why this balance should not be paid into the State treasury, which rule was made absolute. After a return of "no property found," on two writs of *fieri facias*, on motion of the counsel representing the State, a writ of *capias ad satisfaciendum* was ordered to issue. A rule was thereupon taken by the curator to show cause why the writ should not be set aside, on the ground that it was unauthorised by law. This rule was discharged, and the curator has appealed.

<strong>SUCCESSION OF KELLY.</strong>

The authority relied on to sustain the judgment of the court below is the 14th section of the act of 1841, p. 17, which authorises a *capias ad satisfaciendum* to issue against sheriffs, or other public officers, for money by them received in their official capacity. In *Ex parte Powell*, 8 Rob. 95, the late Supreme Court held that an executor was not a public officer within the intendment of that act, and the reasoning by which the court arrived at that conclusion, in the correctness of which we concur, is equally applicable to curators of vacant successions.

It is therefore ordered that the judgment of the District Court be reversed, and that the writ of *capias ad satisfaciendum* issued against the appellant, *P. B. Ferral*, be set aside and cancelled; the appellee paying the costs of this appeal.